# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND ALEXANDER RAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| -vs- ) | Case No. CIV-21-694-F |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Raymond Alexander Ray, a state prisoner appearing *pro se*, filed a petition under 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter was referred to United States Magistrate Judge Shon T. Erwin in accordance with 28 U.S.C. § 636. On December 17, 2021, Magistrate Judge Erwin issued a Report and Recommendation (the Report, doc. no. 18), recommending the habeas petition be denied.

The court is in receipt of petitioner's objection to the Report. Doc. no. 20. Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter. Having done so, the court concurs with the cogent analysis of the Report. The court finds no need to repeat that analysis. The court finds petitioner's arguments to be without merit or immaterial.[1] Therefore, the court accepts, adopts, and affirms the Report in its entirety.

---

[1] The court notes that in the Background portion of the Report, Magistrate Judge Erwin stated that petitioner had been in a domestic relationship with Lori Estrada, the victim, for about one year. In

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies a habeas petition on the merits, a certificate of appealability may issue only when the petitioner demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); *see also*, Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004) (the deferential treatment of state court decisions must be incorporated into the consideration of a certificate of appealability). When the court denies a habeas corpus petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability may issue only when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Upon review, the court concludes that petitioner cannot make the required showing for the issuance of a certificate of appealability. Consequently, the court finds a certificate of appealability should be denied.

Accordingly, the Report (doc. no. 18) issued by United States Magistrate Judge Shon T. Erwin is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Petitioner

---

his objection, petitioner argues that the statement is not true because he had not known Ms. Estrada "even a full 2 months." Doc. no. 20, p. 1. Petitioner specifically refers to his reply, doc. no. 17, at p. 2. However, petitioner's statements of being in Wyoming "from November 2017 to April of 2018" and meeting Ms. Estrada "in late November 2018" are not supported by evidence. And pursuant to Rule 7.1(j) of the court's Local Civil Rules, "[f]actual statements . . . appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the court." Thus, petitioner's bald statements are insufficient to question Magistrate Judge Erwin's statement of how long petitioner had been in a domestic relationship with Ms. Estrada. In any event, that issue is immaterial to the recommended ruling of Magistrate Judge Erwin.

Raymond Alexander Ray's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (doc. no. 1) is **DENIED**.  A certificate of appealability is also **DENIED**.  A separate judgment shall issue.

IT IS SO ORDERED this 18th day of January, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0694p002.docx